## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Social Technologies, LLC, | Civil Action No. |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| Apple Inc. and Thomas La Perle | |
| Defendants. | |

## COMPLAINT

Plaintiff Social Technologies, LLC ("Social Tech"), by and through its undersigned counsel, Pierce Bainbridge Beck Price & Hecht LLP, hereby sues Apple Inc. ("Apple") and Thomas La Perle as follows:

## NATURE OF THE ACTION

1.       This action arises from Apple's improper and fraudulent use of the registered trademark symbol ® in connection with MEMOJI, a mark that Apple *does not have a registration on* in the United States.  Apple's false marking of MEMOJI, which is included on the Apple Trademark List prominently featured on its website, Apple.com, attempts to defraud the general public to Social Tech's detriment.

2.       Apple is fully aware that it does not have a federal registration on MEMOJI because *Plaintiff Social Technologies has federal registered the mark*, Trademark Registration No. 5,566,242.  In fact, Apple is currently defending itself in a separate lawsuit regarding Apple's blatant infringement of Plaintiff's registered trademark "MEMOJI" in connection with Apple's mobile operating system software feature and Apple Music.  Yet, despite Apple's

knowledge that 1) Plaintiff has federal trademark registration of "MEMOJI"; 2) the U.S. Patent and Trademark Office *has not granted* Apple's application to register a trademark in Memoji; 3) Plaintiff is currently pursuing claims of infringement against Apple for its use of the "MEMOJI" mark, Apple has falsely posted on its website that it owns the federal trademark registration in "MEMOJI" as reflected by its use of "MEMOJI®".  Specifically, Apple's website includes a registration symbol next to the "MEMOJI" trademark on a list of trademarks purportedly owned by Apple.  Apple is aware of the differences between "the appropriate ™, ℠, or ® symbol" as reflected on introductory text of the Apple Trademark List on which the false marking of MEMOJI appears.

3.    Apple's website further instructs all its developers to "use the correct Apple product names with the correct capitalization as shown on the Apple Trademark List"— demonstrating that Apple is encouraging developers to include "MEMOJI" with the deceitful registration symbol on goods in commerce.

4.    Apple's actions are not surprising.  Over the years, Apple has become as well known for its blatant theft of intellectual property as its svelte consumer electronics.  In 1996, Apple founder Steve Jobs famously said: "Picasso had a saying – 'good artists copy; great artists steal' -- and we have always been shameless about stealing great ideas."  Trademark infringement also appears to be Apple's modus operandi: Apple has faced lawsuits based on its infringement of many other marks over the years, including "iPhone" (filed by Cisco in 2007), "iCloud" (filed in 2011), "iBooks" (filed in 2011), "Animoji" (filed in 2017), and "Memoji" (filed in 2018).  Apple has also been listed among the "biggest trademark bullies" by World Trademark Review.

5.     Although the infamous "trademark bully" has, and continues to infringe Plaintiff's trademark rights, as described above, Apple has now surpassed run-of-the-mill trademark infringement.  In violation of state and federal law, Apple is brazenly representing on its website that it has a registered trademark, which it indicates with the ® symbol, for MEMOJI. This representation is completely and verifiably false, as the registered MEMOJI® trademark is held by Plaintiff Social Tech.

6.     Apple's misrepresentation is willful and intended to deceive the public into believing that it holds the federal registration in this mark.  Such action will confuse consumers and diminish the value of Social Tech's mark even further, damaging a promising young company for the benefit of a tech giant.

<u>**PARTIES**</u>

7.     Plaintiff Social Technologies LLC is a limited liability company organized and existing under the laws of the State of Georgia and has a principal place of business in Atlanta, Georgia.

8.     Defendant Apple, Inc. is a corporation organized and existing under the laws of the State of California but operates in all 50 states and has numerous offices, stores, and employees in New York.

9.     Defendant Thomas La Perle is in-house counsel and Senior Director of Copyright and Trademark at Defendant Apple, Inc.

<u>**JURISDICTIONAL STATEMENT**</u>

<u>**JURISDICTION**</u>

10.     This Court has subject matter jurisdiction over this action because Plaintiff alleges causes of action under federal statute; and pursuant to 28 U.S.C. § 1332, the amount in

3

controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs and attorneys' fees, and is an action between citizens of different states.

11.     This Court has personal jurisdiction over Apple, Inc. because Apple: (a) operates, conducts, engages in and/or does business within this jurisdiction; (b) committed the acts underlying this suit in this jurisdiction; and/or (c) has caused harm in this jurisdiction.

## VENUE

12.     Venue lies within this district because a substantial part of the events giving rise to these claims occurred in this district.

## FACTUAL ALLEGATIONS

13.     Apple's website shows:



14.     The letter R enclosed in a circle (or "®") may be displayed with a trademark to notify the public that the mark has been registered with the United States Patent and Trademark Office ("USPTO").

15.     Social Tech visited Apple's Trademark List[1] on June 17, 2019, a day before the deposition of Mr. Thomas La Perle, Apple's Senior Director of Copyright and Trademark in connection with Plaintiff's trademark infringement action against Apple in the Northern District of California.  As of that date—June 17, 2019—MEMOJI was not listed on Apple's Trademark List.

16.     However, immediately following Mr. La Perle's deposition, the Trademark List was updated to include the falsely designated MEMOJI® mark.

17.      On information and belief, Mr. La Perle orchestrated a scheme to undermine Social Tech's registered trademark rights and mislead the public by causing Apple to add the falsely designated mark to Apple's Trademark List.  The Federal Circuit has held: "The improper use of a registration notice in connection with an unregistered mark, if done with intent to deceive the purchasing public or others in the trade into believing that the mark is registered, is a ground for denying the registration of an otherwise registrable mark." *Copelands' Enterprises Inc. v. CNV Inc.*, 945 F.2d 1563, 20 USPQ2d 1295 (Fed. Cir. 1991).

18.     Apple's website, which hosts Apple's Trademark List, has far reach.  According to SimilarWeb, Apple.com is the 68th most visited website in the United States and the number two website in computer electronics and technology.  The website sees almost ***half a billion visits per month***.  Apple's Trademark List is linked within the Legal portion of its website, which on information and belief is linked on every single page of its website.  Thus, Apple's false marking is available to every visitor of its website and across its products.

19.     Apple's website also instructs developers referencing Apple products to: "Always use the correct Apple product names with the correct capitalization as shown on the Apple

---

[1] https://www.apple.com/legal/intellectual-property/trademark/appletmlist.html

Trademark List." Accordingly, on information and belief, products used in commerce include Apple's false designation "MEMOJI®" at Apple's insistence.

20.     Apple's misuse of the registered trademark symbol in connection with MEMOJI is willful.  Apple has been aware of Social Tech's registered trademark, Registration No. 5,566,242, since it was issued.  It was even aware of the application that led to that registration and ***tried to purchase Plaintiff's rights to its then intent-to-use application***.  Apple is also aware that neither of its two trademark applications relating to MEMOJI have been granted (Application Serial Nos. 88,158,604 and 87,397,135) and thus Apple is not able to legally use the trademark registration symbol in connection with MEMOJI.

## THE SIGNIFICANCE OF THE MEMOJI MARK

21.     Apple's actions cannot be attributed to mistake or ignorance. Apple has acted in bad faith to deceive the public and destroy Social Tech's trademark value.  Apple has done so because it places significant value on its Memoji software feature and branding, which is integral to its current marketing campaign.

22.     On June 4, 2018, Apple announced iOS 12 at its Worldwide Developers Conference.  Among the new features Apple touted at its event was Memoji, a "personalized Animoji" that "can look like you or the real you."  The customizable avatar utilized TruDepth camera technology in Apple's iPhone X and later models to track a user's face in real time and overlay the Memoji face on top of the user's face, showing their expressions on the Memoji in real-time.  Memoji is even able to track movement of a user's tongue.  The feature was available in Apple's iMessage and Facetime on iPhone X and later phones, and iPads.  With the release of iOS 13, the Memoji software feature is available on the iPhone 6S or later and the fifth-generation iPad and beyond.

23.     Apple has engaged in extensive advertising of Memoji since its release.  But Apple does not just advertise Memoji to promote its iPhones and iPads.  On information and belief, Apple also uses Memoji as *a mascot* for its entire brand, as well as to promote Apple Music.

24.     Before the feature was even available as part of a non-beta version of iOS, Apple used Memoji to replace its executives' headshots with Memoji versions of their faces on its website.[2]  A screenshot is reproduced below:



Tim Cook
CEO



Katherine Adams
Senior Vice President and
General Counsel



Angela Ahrendts
Senior Vice President
Retail



Eddy Cue
Senior Vice President
Internet Software and
Services



Craig Federighi
Senior Vice President
Software Engineering



Jonathan Ive
Chief Design Officer



Luca Maestri
Senior Vice President and
Chief Financial Officer



Dan Riccio
Senior Vice President
Hardware Engineering

25.     In or around February 2019, Apple utilized Memoji on billboards in Los Angeles, showcasing the Memoji versions of musicians including Shawn Mendes, Ariana Grande, and Kacey Musgraves.[3]  Apple put up the billboards ahead of the 61st Annual Grammy Awards,

---

[2] *See* https://www.theverge.com/2018/7/17/17580910/apple-memoji-executive-portraits-jony-ive-tim-cook

[3] https://www.macrumors.com/2019/02/05/apple-musics-new-memoji-ad/

which took place on February 10, 2019 at the Los Angeles Staples Center.  A picture of the

billboards in L.A. are shown below:



26.      Apple also created three Memoji-centered ads for the Grammys.  Each ad has a

disclaimer that the "Memoji [was] professionally animated."  Below are screenshots of each of

the ads, showing the Memojis of famous artists, including Ariana Grande, Florida Georgia Line,

and Khalid, on the right, and the artist's name in text next to "Memoji."





The ads all conclude with the Apple Music logo, as pictured below:



27.     At no point is an iPhone, iPad, iMessage, or Facetime shown in the ads.  Rather, the Memojis are used to promote Apple Music.

28.     Apple continued to use Memoji mascots recently.  On July 8, 2019, Apple celebrated the United States' women's national soccer team victory in the 2019 World Cup with a Memoji-themed tribute on its Apple.com website.



On information and belief, Apple is highly desirous of the Memoji trademark and therefore willing to lie about its registration and ownership status.

<u>**FIRST CAUSE OF ACTION**</u>
**FALSE DESIGNATION UNDER 15 U.S.C. § 1125**
**(Against Defendant Apple)**

29.     Social Tech re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1-38 of this Complaint.

30.     Defendant Apple has posted on its website that it owns the federally registered trademark "MEMOJI".

31.     This posting is false and misleading, conveying that Apple has a federally registered trademark in "MEMOJI" when, in fact, Plaintiff owns the federally registered MEMOJI trademark.

32.    Apple has also directed developers to use "MEMOJI®" when referencing Apple's Memoji software on goods in commerce.

33.    This false representation has either deceived or has the capacity to deceive a substantial segment of potential consumers of Apple's and Plaintiff's products.

34.    The posting constitutes a false description of origin, as viewers of Apple's website may believe the federally registered trademark MEMOJI belongs to Apple, when it, in fact, belongs to Plaintiff.

35.    The deception is material and likely to influence consumers' purchasing decisions.

36.    Apple's MEMOJI software is included on iPhones sold across the country and around the world.  Accordingly, Apple's false and misleading use of the registration symbol was done in connection with goods used in interstate commerce.  The false statement is included on Apple's website which is further used to advertise Apple's products and is accessible across the globe.

37.    App and software developers produce products used in interstate commerce and Apple instructs these developers to include the misrepresentation "MEMOJI®" on products used in interstate commerce.

38.    Apple's or developers' use of the registration symbol adjacent to "MEMOJI" has or is likely to cause confusion, to cause mistake, or to deceive someone as to the affiliation, origin, sponsorship, or approval of Apple's Memoji software or Social Tech's Memoji app.

39.    The plaintiff has been or is likely to be injured as a result of the statement at issue. Apple's continued use of the MEMOJI mark and false posting that it owns the federal trademark registration for MEMOJI continues to diminish the value of Social Tech's mark, which is federally registered.

## SECOND CAUSE OF ACTION
### DILUTION NY GEN BUS L § 360-L (2012)
**(Against all Defendants)**

40.     Social Tech re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1-38 of this Complaint.

41.     The mark "MEMOJI" is distinctive within the meaning of New York Gen. Bus. Law Section 360-l.

42.     Defendant Apple's conduct, as described above, creates a likelihood of dilution of the distinctive quality of the "MEMOJI" mark in violation of New York Gen. Bus. Law Section 360-l.

43.     Further, Apple's conduct has harmed or is likely to harm Social Tech's business reputation.

44.     As a direct and proximate result of Apple's misrepresentation that it owns the federally registered trademark "MEMOJI®," Social Tech has suffered and will continue to suffer substantial injury and damages, and the injury to Social Tech's business, reputation, and goodwill, unless enjoined, will be irreparable.

45.     By posting the registration symbol alongside "MEMOJI" on its website and instructing developers to do the same when referencing Apple's Memoji product, Apple has willfully infringed upon the rights of Plaintiff with intent to dilute the distinctiveness of Social Tech's mark and minimize Social Tech's goodwill in favor of its own.

46.     Defendant should be enjoined from using the "MEMOJI" mark going forward.

## THIRD CAUSE OF ACTION
### UNFAIR COMPETITION
**(Against All Defendants)**

47.     Social Tech re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1-38 of this Complaint.

48.     By falsely posting that Apple has federal trademark registration in MEMOJI, Defendants have misappropriated to Apple the benefits of Plaintiff's work, labor, intellectual property and investment in Plaintiff's unique and distinctive trademark.

49.     Defendants' misrepresentation is an attempt to diminish the value of Social Tech's mark.

50.     Defendants' wrongful conduct and misappropriations, as hereinabove alleged, have enabled and will continue to enable Defendants to wrongfully take advantage of and unfairly profit and benefit from Plaintiff's time, skill, labor, and expenditures in connection with its MEMOJI mark and the federal registration of Plaintiff's mark.

51.     Defendants' acts were done in bad faith and were intended to deceive and defraud the public.

52.     Defendants' acts have actually caused confusion and/or are likely to cause confusion among consumers, developers, and others as between Social Tech's app and Apple's software.

53.     Defendants' acts were intended to create in the mind of the public the false impression that Defendant Apple is responsible for or affiliated with the registered trademark MEMOJI even though the trademark is owned by Social Tech.

54.     Defendants' actions, as hereinabove alleged, constitute unfair competition under the common law of the State of New York.

55.     Defendants have acted with malice to defraud the public to Plaintiff's detriment, and as a result, exemplary and punitive damages are warranted.

### FOURTH CAUSE OF ACTION
#### VIOLATION OF NY GENERAL BUSINESS LAW § 349
#### (Against All Defendants)

56.     Social Tech re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1-38 of this Complaint.

57.     Defendants' acts, as hereinabove alleged, are deceptive acts and practices in the conduct of business which deceive and are intended to deceive consumers. Defendants' acts have caused harm to the consuming public and to Plaintiff in violation of New York General Business Law § 349.

58.     Plaintiff has been damaged by Defendants' unlawful conduct, and has no adequate remedy at law to compensate it for Defendants' continuing wrongful actions, and for the continuing injury that will be caused if Defendants' wrongful acts are not immediately enjoined.

59.     Plaintiff has also been financially damaged due to the diminution in value of its federally registered trademark and harm to its goodwill and business reputation in an amount to be determined at trial.  Plaintiff seeks to recover these actual damages.

60.     Defendants willfully and/or knowingly violated this section and thus, Plaintiff is entitled to three times actual damages and reasonable attorneys' fees.

### PRAYER FOR RELIEF

WHEREFORE Plaintiff Social Technologies prays for relief as follows:

A. Entry of preliminary and permanent injunctions prohibiting Defendants and Apple's agents, servants, employees, and all persons acting thereunder, in concert with, or on Apple's behalf, from using the registration symbol in connection with the mark "MEMOJI" or any similar mark;

B. Entry of preliminary and permanent injunctions prohibiting Apple and its agents, servants, employees, and all persons acting thereunder, in concert with, or on Apple's behalf, from using in commerce the Infringing Memoji mark or any colorable imitation or confusingly similar variation thereof;

C.  An award of monetary damages, including actual, exemplary, and punitive damages;

D.  Prejudgment and post-judgment interest to the extent allowed by the law;

E.  An award of all costs, expenses, and attorneys' fees incurred in prosecuting this action;

F.  A declaration that Social Tech owns the only federally registered Memoji trademark;

G.  A declaration that Social Tech owns and has the right to use its MEMOJI trademark for any and all purposes and that its MEMOJI Mark is a valid, enforceable and federally registered mark protectible under the Lanham Act as issued by the PTO, and that Apple is not entitled to a federal registration for the mark MEMOJI; and

H.  Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Social Tech demands a jury trial as to all issues so triable.


Dated: September 30, 2019                    Respectfully Submitted,

                                             /s/ David L. Hecht
                                             David L. Hecht
                                             Pierce Bainbridge Beck
                                             Price & Hecht LLP
                                             277 Park Ave. 45th Floor
                                             New York, NY 10172
                                             T: (212) 484-9866
                                             E: dhecht@piercebainbridge.com

                                             *Counsel for Plaintiff*
                                             *Social Technologies, LLC*