# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

601 Lexington Avenue
New York, NY 10022
United States

Dale M. Cendali
To Call Writer Directly:
+1 212 446 4846
dale.cendali@kirkland.com

+1 212 446 4800

www.kirkland.com

Facsimile:
+1 212 446 4900

October 31, 2019

Hon. Edgardo Ramos
U.S. District Court
Southern District of New York, Thurgood Marshall U.S. Courthouse
40 Foley Square New York, NY 10007

Re:   *Social Technologies, LLC v. Apple Inc. et al*, No. 1:19-cv-09050 (ER)

Dear Judge Ramos:

In accordance with the Court's Individual Practices Rule 2(A)(ii), Defendants Apple Inc. ("Apple") and Thomas La Perle (collectively, "Defendants") request a pre-motion conference regarding Defendants' anticipated motion to dismiss Plaintiff Social Technologies, LLC's ("Plaintiff") Complaint (Dkt. No. 1) ("Complaint") pursuant to Federal Rule 12(b)(2) and (b)(6).

As background, Plaintiff already filed a trademark infringement suit against Apple in the Northern District of California in 2018 alleging that Apple's use of the MEMOJI mark infringes Plaintiff's purported rights. Compl. ¶ 2; *Social Technologies LLC v. Apple Inc.*, No. 3:18-cv-05945-VC (N.D. Cal. Sept. 27, 2018) (the "ND Cal Action"). Apple is defending that action on the ground that, among other things, it has priority in the MEMOJI mark based on its acquisition of common law rights from an earlier rights holder. Summary judgment motions are pending.

Apparently seeing its infringement claims floundering in the ND Cal Action, Plaintiff has now filed suit in New York, claiming (i) false designation of origin under 15 U.S.C. § 1125, (ii) dilution under New York law, (iii) unfair competition, and (iv) violation of NY General Business Law § 349 based upon Apple's use of an ® sign (which indicates that a mark is registered) next to the MEMOJI mark on a single, general webpage listing Apple's various trademarks ("Trademark List"). *See* Compl. ¶ 1. Apple only has common law rights in the MEMOJI mark in the U.S., as its trademark application is pending. While not relevant to Apple's contemplated motion, the use was both brief and inadvertent because, as soon as this was brought to Apple's attention (through the filing of this Complaint),[1] Apple updated the Trademark List to remove the ® sign. *See* **Ex. A**. Also not necessary for resolution of Apple's contemplated motion, but as background, Plaintiff itself is using the ® sign improperly in connection with the MEMOJI mark, as its trademark registration (Reg. No. 5566242) is for a design mark only ( ), yet it is using the ® symbol for the word mark. *See* **Exs. B–C**.

Apple is writing this letter because (1) all of Social Tech's claims in this action fail as a

---

[1]   Social Tech never sent Apple a letter nor flagged the mistake in the ND Cal Action before it filed this suit.

**KIRKLAND & ELLIS LLP**

Hon. Edgardo Ramos
October 31, 2019
Page 2

matter of law, and (2) there is no personal jurisdiction over either Apple or Mr. La Perle.  **First**, Plaintiff's Lanham Act (15 U.S.C. § 1125) and common law unfair competition claims (Counts I, III) fail because improperly using an ® symbol does not constitute false advertising.  For example, in *Classic Liquor Importers, Ltd. v. Spirits Int'l B.V.* —a case that is strikingly on point here—the court granted summary judgment to an alleged infringer, holding that the "misuse of the R symbol is not actionable under Section 43(a)(1)(B) of the Lanham Act as a matter of law" because the "misuse of the ® symbol in no way relates to an 'inherent quality or characteristic'" of a good or service, a required element of false advertising claims.  201 F. Supp. 3d 428, 452 (S.D.N.Y. 2016).  Other courts agree that such conduct does not give rise to a false advertising claim and have granted motions to dismiss on that basis.  *See San Diego Cty. Credit Union v. Citizens Equity First Credit Union*, 360 F. Supp. 3d 1039, 1055 (S.D. Cal. 2019).  Social Tech may point to *Perfect Pearl Co. v. Majestic Pearl & Stone, Inc.*, a case where the court enjoined defendant's misuse of the ® symbol without reference to the impact on the buying public, to try to salvage its claim. 887 F. Supp. 2d 519 (S.D.N.Y 2012).  But as the *Classic Liquor* court explained, *Perfect Pearl* is distinguishable because, there, the plaintiff sought "only injunctive relief," not money damages.  201 F. Supp. 3d at 451–52 (quoting 887 F. Supp. 2d at 540).  In addition, the *Classic Liquor* court noted that the *Perfect Pearl* decision appeared to ignore Second Circuit law concerning false advertising, which unquestionably holds that a false adverting claim can only stand if the false statement "misrepresent[s] an inherent quality or characteristic of the product." *Id.* at 451.

Here, as in *Classic Liquor*, Plaintiff is seeking both injunctive relief and money damages.  Compl. at pgs. 14–15.  Moreover, Apple's inadvertent use of the ® symbol has nothing to do with an inherent quality or characteristic of the product Apple offers under the MEMOJI mark; it is purely a symbol used to put other businesses "on notice" of trademark rights.  *Classic Liquor*, 201 F. Supp. 3d at 452.  Thus, Plaintiff's false advertising claim should be dismissed,[2] as should its common law unfair competition claim, which is "governed by the same standard." *Id.* at 454.

**Second**, Plaintiff's NY General Business Law § 349 claim (Count IV) fails because use of an ® symbol "[is] not consumer-oriented as a matter of law," as required for that claim.  *See Classic Liquor*, 201 F. Supp. 3d at 454 (granting summary judgment to alleged infringer on section 349 claim to the extent the claim was based on the misuse of the ® symbol).

**Third**, Plaintiff's New York dilution claim (Count II) fails because dilution concerns improper **use of a mark**, not misuse of a registration symbol.  *See Tommy Hilfiger Licensing, Inc. v. Nature Labs, LLC*, 221 F. Supp. 2d 410, 421 (S.D.N.Y. 2002) ("[D]ilution . . . may occur where the defendant **uses or modifies the plaintiff's trademark** to identify the defendant's goods and services . . . .") (emphasis added)).  To the extent Plaintiff's dilution claim is based on the use of the MEMOJI mark, as opposed to use of the ® symbol, then it should have been asserted in the ND Cal Action, where claims concerning Apple's use of the MEMOJI mark are pending.

Plaintiff's dilution claim should be dismissed for the additional reason that Plaintiff did not plead that its mark is strong.  Compl. ¶ 41 (pleading only that plaintiff's mark is

---

[2] To the extent Plaintiff's Lanham Act claim also is based on likelihood of confusion (which is not clear), it should still be dismissed because use of the ® symbol does not create confusion among consumers as a matter of law.  *See Classic Liquor*, 201 F. Supp. 3d at 455 ("inclusion of this symbol—[is] not consumer-oriented as a matter of law").

## KIRKLAND & ELLIS LLP

Hon. Edgardo Ramos
October 31, 2019
Page 3

"distinctive"); *see Malaco Leaf, AB v. Promotion in Motion, Inc.*, 287 F. Supp. 2d 355, 378 (S.D.N.Y. 2003) ("New York's anti-dilution law only protects 'extremely strong marks'. . . ."). Courts have held that even suggestive or arbitrary marks, while inherently distinctive, are not protected under NY dilution doctrine without market strength. *See Lang v. Ret. Living Pub. Co.*, 949 F.2d 576, 581, 584 (2d Cir. 1991) ("[S]uggestiveness is not necessarily dispositive of the issue of the strength of the mark"); *Mead Data Cent., Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 875 F.2d 1026, 1031–32 (2d Cir. 1989) (no dilution under NY law where mark was "suggestive" and "distinctiveness" was limited to a "narrow market").³ Because Plaintiff has not pled that MEMOJI "has a truly 'distinctive quality' or has 'acquired secondary meaning,'" the claim should be dismissed. *Lang*, 949 F.2d at 584.

**Fourth**, Plaintiff's Complaint should be dismissed pursuant to Federal Rule 12(b)(2) because there is no personal jurisdiction over either Defendant. With respect to Apple, there is no general jurisdiction because Apple is neither headquartered nor incorporated in New York. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Nor is there specific jurisdiction, as the purportedly improper use of the ® symbol appeared online (Compl. ¶ 13), on a passive portion of Apple's website (*i.e.*, on Apple's Trademark List), which was not specifically directed toward New York. Thus, Plaintiff's claims do not arise from Apple's New York contacts. *See e.g.*, *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 254 (2d Cir. 2007) (no specific jurisdiction where the claim did not "arise from" the interactive portion of the defendant's website); *DH Servs., LLC v. Positive Impact, Inc.*, No. 12 Civ. 6153, 2014 WL 496875 (S.D.N.Y. Feb. 5, 2014) (no specific jurisdiction in trademark infringement case where the mark at issue was not displayed on the portion of the website where users could make contributions and "connection between the donations and the conduct giving rise to the lawsuit would be at best a loose one"). Plaintiff also is not located in New York, and thus has suffered no harm in this state.

There also is no personal jurisdiction over Mr. La Perle. Tellingly, there is not a single allegation in the Complaint relating to any fact that would give rise to personal jurisdiction over him. In fact, the jurisdictional section of the Complaint (¶¶ 10–11) does not even mention him. As Plaintiff well knows from discovery in the ND Cal Action, Mr. La Perle lives and works in California. His inclusion by Social Tech in this Complaint can best be explained as ill-conceived harassment. To the extent his department at Apple was involved in updating the website to include the ® symbol—which Mr. La Perle himself did not do—that act occurred in California where Apple's legal department is located. Simply put, Plaintiff has done nothing to meet its burden of establishing that Mr. La Perle is subject to personal jurisdiction in this district. *See Ramgoolie v. Ramgoolie*, No. 16-cv-3345, 2017 WL 9565534, at *4 (S.D.N.Y. May 31, 2017) (no personal jurisdiction over non-resident as there was no "articulable nexus" or "substantial relationship" between individual's "sporadic New York-based activities and Plaintiff's claims").

Defendants thus respectfully request a pre-motion conference to file a motion to dismiss.

---

³ *See also Swatch Grp. (U.S.) Inc. v. Movado Corp.*, No. 01 Civ. 0286, 2003 WL 1872656, at *3, 6 (S.D.N.Y. Apr. 10, 2003) (no dilution under NY law where mark was deemed "arbitrary" but found "only moderately strong"); *Brockmeyer v. Hearst Corp.*, 248 F. Supp. 2d 281, 294 (S.D.N.Y. 2003) (no dilution under NY law even though mark was "inherently distinctive" because it was a "weak mark overall" in the marketplace).

## KIRKLAND & ELLIS LLP

Hon. Edgardo Ramos
October 31, 2019
Page 4

Sincerely,

*[signature]*

Dale M. Cendali

---

A pre-motion conference will be held on November 14, 2019, at 3:30 p.m. Plaintiff is directed to respond to Defendants' letter by Monday, November 11, 2019.

_____
Edgardo Ramos, U.S.D.J
Dated: Nov. 4, 2019
New York, New York